IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES RIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-001-JHP-SAJ |
| ) | |
| BRENT FATKIN, ) | |
| ) | |
| Respondent. ) | |

## **OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by Petitioner, a state inmate appearing *pro se*. In his petition (Dkt. # 1), Petitioner alleges he is "being illegally restrained in violation of his due process and equal protection [rights]." He requests restoration of 344 earned credits revoked upon a finding of misconduct by Department of Corrections ("DOC") officials and return to his pre-misconduct security level. (Id.) Respondent filed a response (Dkt. # 8) to the petition, requesting that the petition be dismissed as a result of Petitioner's failure to exhaust a state court remedy provided by Okla. Stat. tit. 57, § 564.1 (Supp. 2005). In response to Respondent's response, Petitioner filed a "motion to strike Respondent's motion to dismiss habeas corpus petition" (Dkt. # 9). For the reasons discussed below, the Court finds Petitioner's motion to strike shall be denied and Respondent's request for dismissal of the petition shall be denied. However, Petitioner's claims are procedurally barred. He shall be afforded an opportunity to show cause why his petition should not be denied as procedurally barred.

### *BACKGROUND*

Petitioner alleges that he is being unlawfully restrained "by virtue of a misconduct which was issued to him while residing at the Avalon Corr. Ctr., on July 1, 2005, computer code 17-1, entitled Law Violation, a class 'X' offense." See Dkt. # 1. According to the DOC Offense Report, see Dkt.

# 1, attachment, an officer at the Avalon Correctional Center, located in Tulsa, Oklahoma, was notified on July 1, 2005, via a phone call from the Tulsa County Sheriff's Office that Petitioner had been "picked up on a DUI charge and was at D.L. Moss." At the conclusion of a disciplinary hearing, held August 1, 2005, Petitioner was found guilty of a Class X misconduct. See Dkt. # 8, Ex. 2. As punishment, DOC officials placed Petitioner in disciplinary segregation for thirty (30) days, revoked 365 days earned credits,[1] and restricted Petitioner to security level 1 for ninety (90) days. Id. Petitioner pursued his administrative remedies. On August 2, 2005, the Facility Head, Brent Fatkin, affirmed the finding of misconduct. Id. On November 17, 2005, the Director Designee, Debbie L Morton, entered a response concurring with the decision of the Facility Head. See Dkt. # 8, Ex. 3.

On January 3, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He alleges that "there is no evidence which would indicated that Petitioner violated the rules of conduct" and he has "never been convicted of any law violation." Id. He further complains that, "[a]ccording to the rules and regulations which are governed by the Oklahoma Department of Corrections, the Investigator did not conduct an active investigation, including the finding of guilt, by the hearing officer, was not documented by a complete, detailed, written statement, pointing out the essential facts upon which inferences were based, mentioning what evidence was relied upon." Id. Petitioner also alleges that pursuant to Gamble v. Calbone, 375 F.3d 1021 (10th Cir. 2004), there is no state court remedy available since he seeks only speedier and not immediate release.

---

[1] Petitioner had earned only 344 days of earned credits at the time of the misconduct. As a result, he seeks in this action return of 344 revoked earned credits.

*ANALYSIS*

Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. § 2241. Wilson v. Jones, 430 F .3d 1113, 1118 (10th Cir. 2005); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). As the Tenth Circuit Court of Appeals has explained,

> No statutory exhaustion requirement applies to § 2241, but case law holds that although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993) (internal quotation and citations omitted). Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion doctrine requires a state prisoner to 'fairly present[ ]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted). However, the exhaustion "requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile." Gamble v. Calbone, 375 F.3d 1021, 1026 (10th Cir. 2004). Although the Tenth Circuit Court of Appeals concluded in Gamble that Oklahoma prisoners had no adequate state court remedy for challenging a disciplinary decision impacting their earned-credit status, id. at 1027, Oklahoma enacted Okla. Stat. tit. 57, § 564.1, in 2005, after the Gamble decision. This new statute expressly provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds, and Gamble therefore is no longer persuasive authority with respect to the exhaustion issue for Oklahoma prisoners challenging

institutional disciplinary decisions affecting their earned credits. The Oklahoma statute, which became effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A) (Supp. 2005). The statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D). The statute limits judicial review to a finding whether "due process was [ ] provided . . ." and limits relief to another hearing "to provide due process." Okla. Stat. tit. 57, § 564.1(E).

Despite the evidence provided by the parties showing Petitioner has apparently exhausted the administrative remedies available to him with respect to the challenged disciplinary action taken against him at Avalon Correctional Center, Petitioner has not shown that he has exhausted the judicial review procedure mandated by Okla. Stat. tit. 57, § 564.1. Petitioner contends in his Petition that there was no evidence to support the finding of guilt in the disciplinary action, that the investigator did not conduct an active investigation, and that the finding of guilt was not documented by a complete, detailed, written statement. His contentions clearly fall within the ambit of Oklahoma's judicial review procedure for institutional disciplinary actions, and § 564.1 was in force prior to the disciplinary action that is being challenged in the petition. See Okla. Sess. Laws, c. 159, § 5 (effective May 10, 2005).

In response to Respondent's response, Petitioner filed a "Motion to Strike" in which Petitioner continues to argue, based on superseded authorities, that there is no state judicial remedy for the relief sought and that it would be a "waste of judicial resources" to require him to exhaust the state court remedy provided by Okla. Stat. tit. 57, § 564.1. The Court disagrees with Petitioner's

assessment of Oklahoma's statutory remedy. For that reason, his motion to strike shall be denied.

However, Okla. Stat. tit. 57, § 564.1, contains a ninety-day limitation period for filing a petition for review of the final DOC decision in the prison disciplinary action being challenged. This statutory limitation period expires ninety (90) days after the date of the response from the DOC Director or Director's Designee, which in this case was ninety (90) days after November 17, 2005, the date of the response received by Petitioner in his administrative appeal of the challenged disciplinary action, or on or about February 15, 2006. Thus, Petitioner's deadline has passed and it would be futile to require him to exhaust the state court review process because the state courts would now find Petitioner's claims procedurally barred. Furthermore, the state courts' reliance on the statutory time limitation imposed by Section 564.1 would reflect an independent and adequate state law ground for the state court's decision. Accordingly, Petitioner's due process claims herein should be deemed exhausted but procedurally barred, see Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002), unless Petitioner can show cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the failure to review Petitioner's claims.[2] Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991). As a result, the Court finds Respondent's request that this action be dismissed for failure to exhaust state court remedies shall be denied. However, Petitioner's claims

---

[2]In this regard, the Court finds it significant that Respondent filed the response to the petition on January 17, 2006, or almost a full month before Petitioner's February 15, 2006, deadline for filing the motion for judicial review. See Dkt. # 8. That pleading served to notify Petitioner of the available state court remedy provided by Okla. Stat. tit. 57, § 564.1. Nonetheless, Petitioner filed a motion to strike the response (Dkt. # 9) rather than pursuing the state court remedy provided by the new statute.

are procedurally barred unless Petitioner demonstrates "cause and prejudice" sufficient to overcome the procedural bar or that a "fundamental miscarriage of justice" will occur if his claims are not reviewed. Should Petitioner fail to file a response as discussed herein, the claims asserted in the petition shall be denied as procedurally barred.

### *CONCLUSION*

Petitioner's motion to strike shall be denied. Respondent's request that the petition for writ of habeas corpus be dismissed for failure to exhaust state court remedies shall be denied. Petitioner shall show cause why his petition should not be denied as procedurally barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion to strike (Dkt. # 9) is **denied**.

2. Respondent's request that the petition for writ of habeas corpus be dismissed is **denied**.

3. Within thirty (30) days of the entry of this Order, or by October 25, 2006, Petitioner may file a response to this Order demonstrating cause for his procedural default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the failure to review his claims. Should Petitioner fail to file a response, the claims asserted in the petition shall be denied as procedurally barred.

4. Respondent may file a reply within thirty (30) days of Petitioner's response.

DATED THIS 25th day of September 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma