IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES RIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-001-JHP-SAJ |
| ) | |
| BRENT FATKIN, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by Petitioner, a state inmate appearing *pro se*. In his petition (Dkt. # 1), Petitioner alleges he is "being illegally restrained in violation of his due process and equal protection [rights]." He requests restoration of 344 earned credits revoked upon a finding of misconduct by Department of Corrections ("DOC") officials and return to his pre-misconduct security level. (Id.)

Respondent filed a response (Dkt. # 8) to the petition, requesting that the petition be dismissed as a result of Petitioner's failure to exhaust a state court remedy provided by Okla. Stat. tit. 57, § 564.1 (Supp. 2005). By Order filed September 25, 2006 (Dkt. # 15), the Court denied Respondent's request to dismiss the petition and determined that Petitioner's due process claims asserted in the petition should be deemed exhausted but procedurally barred, see Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Cargle v. Mullin, 317 F.3d 1196, 1212 n. 15 (10th Cir. 2003); Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002). Petitioner was afforded the opportunity to demonstrate cause for his procedural default and prejudice resulting therefrom or that

a fundamental miscarriage of justice would result from the failure to review Petitioner's claims.[1] Coleman, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1067-1068 (10th Cir. 1991). On October 19, 2006, Petitioner filed his response to the Court's Order (Dkt. # 16).

## *BACKGROUND*

The Court shall briefly summarize the factual and procedural background underlying both Petitioner's claim and the Court's previous determination that Petitioner has procedurally defaulted his claim. Petitioner alleges that he is being unlawfully restrained "by virtue of a misconduct which was issued to him while residing at the Avalon Corr. Ctr., on July 1, 2005, computer code 17-1, entitled Law Violation, a class 'X' offense." See Dkt. # 1. According to the DOC Offense Report, see Dkt. # 1, attachment, an officer at the Avalon Correctional Center, located in Tulsa, Oklahoma, was notified on July 1, 2005, via a phone call from the Tulsa County Sheriff's Office that Petitioner had been "picked up on a DUI charge and was at D.L. Moss." At the conclusion of a disciplinary hearing, held August 1, 2005, Petitioner was found guilty of a Class X misconduct. See Dkt. # 8, Ex. 2. As punishment, DOC officials placed Petitioner in disciplinary segregation for thirty (30) days, revoked 365 days earned credits,[2] and restricted Petitioner to security level 1 for ninety (90) days. Id. Petitioner pursued his administrative remedies. On August 2, 2005, the Facility Head, Brent Fatkin, affirmed the finding of misconduct. Id. On November 17, 2005, the Director Designee,

---

[1] The Court noted that Respondent filed the response to the petition on January 17, 2006, or almost a full month before Petitioner's February 15, 2006, deadline for filing the motion for judicial review. See Dkt. # 8. That pleading served to notify Petitioner of the available state court remedy provided by Okla. Stat. tit. 57, § 564.1. Nonetheless, Petitioner filed a motion to strike the response (Dkt. # 9) rather than pursuing the state court remedy provided by the new statute.

[2] Petitioner had earned only 344 days of earned credits at the time of the misconduct. As a result, he seeks in this action return of 344 revoked earned credits.

Debbie L Morton, entered a response concurring with the decision of the Facility Head. See Dkt. # 8, Ex. 3. Petitioner did not file a motion for judicial review pursuant to Okla. Stat. tit. 57, § 564.1(A) (Supp. 2005), prior to filing his federal petition for writ of habeas corpus.

Petitioner filed his petition for writ of habeas corpus on January 3, 2006 (Dkt. # 1), alleging that "there is no evidence which would indicated that Petitioner violated the rules of conduct" and he has "never been convicted of any law violation." Id. He further complains that, "[a]ccording to the rules and regulations which are governed by the Oklahoma Department of Corrections, the Investigator did not conduct an active investigation, including the finding of guilt, by the hearing officer, was not documented by a complete, detailed, written statement, pointing out the essential facts upon which inferences were based, mentioning what evidence was relied upon." Id. By Order filed September 25, 2006 (Dkt. # 15), the Court determined that Petitioner had failed to exhaust an available state judicial remedy prior to filing his federal habeas petition. However, because the time limit for exhausting the remedy provided by Okla. Stat. tit. 57, § 564.1(A), had already passed, the Court further determined that it would be futile to require Petitioner to return to state court to exhaust the remedy. As a result, the Court denied Respondent's request to dismiss the petition and concluded that because Petitioner had procedurally defaulted his claim, the claim would be denied as procedurally barred unless he demonstrated either "cause and prejudice" or that a fundamental miscarriage of justice would result if his claim is not considered. See Dkt. # 15.

## *ANALYSIS*

Based on application of an anticipatory procedural bar, the Court is precluded from considering Petitioner's due process claim unless he is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not

considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

On October 19, 2006, Petitioner filed a response (Dkt. # 16) to the Court's Order. He continues to argue that since state charges were not filed, he did not commit a Class X offense and further asserts that had Respondent conducted a thorough investigation, he would not have been found guilty of the Class X misconduct. In support of his arguments, Petitioner has attached to his response an arrest and booking information sheet reflecting that Petitioner was arrested for the offenses of driving under suspension, DUI 1st offense, and obstructing/interfering with police officer, but that the District Attorney declined to file charges against Petitioner. See Dkt. # 16, Ex. 1. He has also attached an initial disciplinary hearing report from a hearing held July 14, 2005, reflecting a finding of "not guilty" by the Disciplinary Officer and an order for re-hearing by the facility head, Brent Fatkin. See Dkt. # 16, Ex. 2. Upon re-hearing on August 1, 2005, the Disciplinary Officer entered a finding of "guilty" which was affirmed by the facility head, Brent Fatkin, on August 2, 2005. See Dkt. # 16, Ex. 3. Petitioner has also attached the affidavit of Dave McCatyre, dated July 7, 2005 (Dkt. # 16, Ex. 4), and a letter, dated July 11, 2005 (Dkt. # 16, Ex. 5), from his mother, Joyce Riggs. Mr. McCatyre claims to have been driving the vehicle involved in

the collision on July 1, 2005, and states that Petitioner was his passenger. Joyce Riggs claims to have been with Petitioner and Mr. McCatyre just prior to the wreck, and that Petitioner "was not drinking or driving nor was there any odor of alcohol on him."

Upon review of the response and its attachments, the Court finds Petitioner has offered no explanation for his failure to pursue the available state judicial remedy and has, therefore, failed to demonstrate "cause" for his procedural default. However, since he argues that he is innocent of the Class X misconduct, the Court will evaluate whether Petitioner falls within the narrow "fundamental miscarriage of justice" exception to the procedural bar doctrine. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant challenging a conviction must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Cases involving a fundamental miscarriage of justice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McClesky v. Zant, 499 U.S. 467, 494 (1991).

Petitioner was entitled to due process at the disciplinary hearing. Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due Process Clause). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive: (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary

evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. Wolff, 418 U.S. at 563-67. If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). Judicial review to determine the existence of "some evidence" does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." Hill, 472 U.S. at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Given the extraordinary circumstances for which the fundamental miscarriage of justice exception is reserved, the Court finds Petitioner's claim to be procedurally defaulted in this case. First, in order to be guilty of a law violation, it is not necessary that the inmate be convicted in a city, state, or federal court. The Oklahoma Department of Corrections (ODOC) defines "Law Violation" as a "Violation of City, State or Federal law," and that definition adds parenthetically that such does "not require a conviction in a city, state or federal court." See ODOC, Department Inmate Disciplinary Procedures, Attachment A, Acts Constituting Rule Violation, p. 7, accessed at www.doc.state.ok.us/Offtech/060125aa.pdf. The only "evidence" relied upon by the Disciplinary Officer for Petitioner's misconduct conviction was Petitioner's own statement that "he was booked at D.L. Moss for law violations" and the "D.L. Moss Booking Sheet" which confirmed that Petitioner was arrested by the Tulsa Police Department for law violations, specifically, the offenses of Driving Under Suspension, DUI 1st Offense, and Obstructing/Interfering With Police Officer. See Dkt. # 16, Ex. 3. Petitioner now in effect asks this Court to reweigh the evidence available at the time of the disciplinary hearing. However, as discussed above, only "some evidence" is required to

6

satisfy due process standards for disciplinary convictions in the prison setting, Hill, 472 U.S. at 454, and the decision can be upheld even if there is only "meager" evidence supporting it. Id. at 457; Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir.1996). Petitioner's arrest and booking into the Tulsa County Jail facility provided "some evidence" sufficient to support the disciplinary conviction for Law Violations, a Class X offense.[3] The Court concludes that Petitioner does not fall within the fundamental miscarriage of justice exception.

In summary, the Court finds that Petitioner has failed to show either cause and prejudice for his procedural default of his state remedy for his claim that he was denied due process in connection with the disciplinary conviction entered on August 1, 2005, or that a fundamental miscarriage of justice will occur if his defaulted claim is not considered. Accordingly, Petitioner's request for habeas corpus relief is procedurally barred and the petition shall be denied on that basis.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that his sentence is being administered in violation of the Constitution or laws of the United States. Therefore, the 28 U.S.C. § 2241 petition for writ of habeas corpus shall be denied.

---

[3]The Court notes that Petitioner does not claim that he was innocent of the offense of Obstructing/Interfering With Police Officer. Furthermore, the affidavit of David McCatyre and the letter from Petitioner's mother are both dated prior to the date of the disciplinary hearing and, therefore, were available for consideration. Petitioner does not allege that he was not allowed an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence to support his claim of actual innocence.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

DATED THIS 10th day of January 2007.

_James H. Payne_
James H. Payne
United States District Judge
Northern District of Oklahoma